UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KIMBERLY ANN DAVIS and )
ANDREW WARREN DAVIS, )
 )
    Plaintiffs, )
 )
v. ) No. 1:13-cv-00092
 ) Chief Judge Haynes
TIN, INC., d/b/a TEMPLE-INLAND, )
 )
    Defendant. )

# MEMORANDUM

Plaintiffs, Kimberly Ann Davis and Andrew Warren Davis, Tennessee citizens, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendant, TIN, Inc., d/b/a Temple-Inland, a Delaware corporation. Plaintiffs assert claims of negligent failure to warn and loss of consortium arising from an accident at the Defendant's facility that injured Plaintiff Andrew Warren Davis.

Before the Court is Defendant TIN Inc.'s motion to dismiss (Docket Entry No. 9) for failure to state a claim under Fed. R. Civ. P. 12(b)(6), contending that Plaintiffs' personal injury claims are time barred under the applicable Tennessee statute of limitations. In response, Plaintiffs assert that their claims are not time barred under Tennessee's discovery doctrine under which personal injury claims accrue from the date of Plaintiff's knowledge of his or her personal injury. (Docket Entry No. 10, at 2).

For the reasons stated below, the Court concludes that Plaintiffs' claims are time barred as Plaintiffs' complaint alleges facts that the Plaintiffs had actual knowledge of their injuries shortly

1

after Plaintiff Andrew Davis's injury at work and Plaintiffs were also aware that the source of those injuries was from Plaintiff Andrew Davis's work injury. Under Tennessee law, such factual allegations render Plaintiff's' claims untimely.

## I. Analysis of the Complaint

According to the Complaint, Plaintiffs are Tennessee citizens (Docket Entry No. 1, Compl. at ¶¶ 2.1-2.2) and Defendant TIN is a Delaware corporation authorized to do business in Tennessee. Id. at ¶ 2.3. On March 29, 2004, Plaintiff Andrew Davis began work at TIN's New Johnsonville, TN plant. Id. at ¶ 3. In October 2010, Mr. Davis was working on a pulper tub at TIN's New Johnsonville, TN plant when he was asked to "ram" an obstructed valve to unblock the tub. Id. at ¶¶ 3.1-3.2. When the blockage broke loose, Mr. Davis was exposed to and soaked in "highly toxic substances containing silicone silica" that covered his "entire body including the inside of his eyes, ears, nose, and his scalp and feet." Id. Within weeks of the alleged exposure in October 2010, Mr. Davis began to experience a loss of energy and cramping, developed a rash on his skin and sores on his neck and arms. Id. at ¶ 3.4. Mr. Davis's skin eventually turned the color of paper pulp. Id. Mr. Davis reported all symptoms to Defendant as they occurred. Id.

After his exposure in October 2010 and for the rest of his employment at TIN, Mr. Davis asserts that he exposed his wife, Plaintiff Kimberly Davis, to the silica contaminate through normal interactions with her. Id. at ¶¶ 3.6 and 3.9. Those interactions included Mrs. Davis washing Mr. Davis's contaminated clothing and generally being close to him. Id. Shortly after his initial exposure to the silica contaminate, Mrs. Davis also developed painful sores all over her body. Id. at ¶ 3.7. Mrs. Davis continued to experience painful skin problems over the next several years. Id. Mrs. Davis sought medical attention from multiple specialists, but did not receive a diagnosis or origin of her

2

condition until May 2013, when doctors told her she was suffering from Karjoo's Skin Phenomenon, a skin disorder from exposure to silicone silica. Id. at ¶¶ 3.13-3.14.

Some time after Mr. Davis's injury, Plaintiffs sent their children to live with grandparents, fearing that they might be exposed to the same toxic contaminate ailing Plaintiffs. Id. at ¶ 3.8. The children were only permitted to come home for short periods of time. Id. at ¶ 3.10.

### B. Conclusions of Law

In assessing Defendant's motion to dismiss, the Court must accept the complaint's factual allegations as true and construe the complaint liberally in favor of the plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

Defendants submitted a document with their motion to dismiss. As the Sixth Circuit has stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself ... [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." Armengau v. Cline, 7 Fed. App'x 336, 343, No. 99–4544, 2001 WL 223857 (6th Cir. Mar. 1, 2001). Yet, the Sixth Circuit's "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)," is that "[i]f referred to in a complaint and central to the claim, documents attached to a motion to dismiss form

3

part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id. at 344 (citations omitted). Applying these principles, the Court will not consider the letter filed with Defendant's motion to dismiss.

In this diversity action, state law governs the substantive claims. Erie v. Tompkins, 304 U.S. 64 (1938). Tennessee has a one year statute of limitations for personal injury claims. Tenn. Code Ann. § 28-3-104. For such claims, the statute of limitations begins to run when "a judicial remedy is available." Wyatt v. Acands, Inc., 910 S.W.2d 851, 855 (Tenn. 1995) (citing Potts v. Celotex Corp., 796 S.W.2d 678, 681 (Tenn. 1990); Foster v. Harris, 633 S.W.2d 304, 305 (Tenn.1982)). "A judicial remedy is available when (1) a breach of a legally recognizable duty owed to plaintiff by defendant (2) causes plaintiff cognizable damage." Id. (citing Potts, 796 S.W.2d at 681). "Legally cognizable damages occur when a plaintiff discovers facts which would support an action for tort against the tortfeasor." Id. (quoting Hathaway v. Middle Tennessee Anethesiology P.C., 724 S.W.2d 355, 359 (Tenn. Ct. App. 1986)).

Defendant asserts that Plaintiffs' claims are time barred because Plaintiffs were on actual notice that their injuries were due to Mr. Davis's October 2010 accident at his work place, the Defendant's facility that is almost three years prior to the filing of the complaint in this action on August 23, 2013.(Docket Entry No. 9, Motion to Dismiss, at 6). Plaintiffs argue that under Tennessee' discovery rule, Mrs. Davis was not diagnosed to know the cause of her injuries until shortly before this action was filed and thus, this action is timely filed. (Docket Entry No. 10, Response to Motion to Dismiss, at 2).

To trigger the statute of limitations, the Tennessee Supreme Court has stated: "[i]t is not

4

necessary that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action;' the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." Stanbury v. Bacardi, 953 S.W.2d 671, 677 (Tenn. 1997) (quoting Roe v. Jefferson, 875 S.W.2d 653, 657 (Tenn. 1994)). In Tennessee, "[t]he statute [of limitations] is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry." Carter v. Great American Group WF, LLC, No. 3:11-0794, 2012 WL 2386048, at *3 (M.D. Tenn. July 23, 2012) (quoting Wyatt v. A-Best Co., 910 S.W.2d 851, 854 (Tenn. 1995)).

The application of the discovery rule has generally been limited to actions for which the cause could not be reasonably determined within the statute of limitations due to the mysterious or latently developing nature of the injury. Id. In contrast, "Tennessee courts have rejected the extension of the discovery rule where the injury and its general cause were immediately known." Id. Under Tennessee law, "there is no requirement of a formal medical diagnosis in order for a claim to accrue. Once plaintiff reached the conclusion that he was sick and that his illness was caused by the defendant, his claim accrued for purposes of T. C. A. § 28-3-104. The fact that plaintiff may not have had the proof necessary to sustain his cause of action until within a year prior to filing suit is immaterial in determining when his cause of action accrued. Accordingly, we hold that plaintiff's claims for alleged injuries that occurred prior to one year before the complaint was filed are barred by the statute of limitations." Wansley v. Refined Metals Corp., No. 02A01-9503-CV-00065, 1996 WL 502497 at *4 (Tenn. Ct. App. Sept. 6, 1996)

Plaintiffs' complaint alleges facts that reveal Plaintiffs' knowledge of their injuries and their causes shortly after Mr. Davis's October 2010 accident at his workplace. Mr. Davis's initial response to his injury and reporting all symptoms to his employer after the accident, reflects his understanding that his injuries were related to his accident at his workplace. Shortly after the October 2010 accident, Mr. Davis and Mrs. Davis shared symptoms, including skin irritation in the form of painful sores and skin problems. In addition, "after a period of time," Plaintiffs sent their children away to live with their grandparents, fearing exposure to the contaminant that caused their illnesses. These collective facts reveal Plaintiffs' actual knowledge of their injuries and their general cause, well more than one year prior to filing this action. Under Tennessee law, a precise medical diagnosis is not required to trigger the commencement of Tennessee's statute of limitation for personal injuries.

For these reasons, the Court concludes that Plaintiffs' claims are time barred and that the Defendant's motion to dismiss should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 30th day of January, 2014.

William J. Haynes, Jr.
Chief United States District Judge